# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

## CIVIL RIGHTS COMPLAINT FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

ROLAND CARLY SAINTLOT,
Inmate # 445056
(Enter full name of Plaintiff)

THIRD AMENDED COMPLAINT

vs.

CASE NO: 3:18cv1334-LC-EMT
(To be assigned by Clerk)

Lieutenant STOKES,

SERGEANT (NOW LIEUTENANT)
D.A. DICE,

(Enter name and title of each Defendant. Each in their individual and official capacity is the way they are being sued.
If additional space is required, use the
blank area below and directly to the right.)

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

FILED USDC FLND PN
OCT 4 '19 PM 1:02

**I.   PLAINTIFF:**

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: Roland Carly Sainthot
Inmate Number: Y45056
Prison or Jail: Suwannee Correctional Institution
Mailing address: 5964 US HWY 90
Live Oak, FL 32060

**II.   DEFENDANT(S):**

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(1) Defendant's name: Mr. Stokes
    Official position: Lieutenant
    Employed at: Santa Rosa Correctional Institution
    Mailing address: 5850 East Milton Road,
    Milton, Florida, 32583

(2) Defendant's name: Mr. Dice
    Official position: Sergeant Now Lieutenant
    Employed at: Santa Rosa Correctional Institution
    Mailing address: 5850 East Milton Road
    Milton, Florida, 32583

(3) Defendant's name: 
    Official position: 
    Employed at: 
    Mailing address: 

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

2

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

### IV. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
   Yes( )   No(✓)

   1. Parties to previous action:
      (a) Plaintiff(s): Roland Carly Sainthot
      (b) Defendant(s): Officer Peacock, Ericaherson, Nunn and Sergeant Medders
   2. Name of judge: Charles J. Kahn, Jr.   Case #: 3:18cv1335-RV-CJK
   3. County and judicial circuit: Northern District of Florida Pensacola Division
   4. Approximate filing date: May 14, 2018
   5. If not still pending, date of dismissal: May 16, 2018 dismissal
   6. Reason for dismissal: Plaintiff(s) did not indicate he was unsure about his litigation hist
   7. Facts and claims of case: Negligence did not feed Plaintiff

   **(Attach additional pages as necessary to list state court cases.)**

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

   Yes( )   No(✓)

   1. Parties to previous action:
      a. Plaintiff(s): Roland Carly Sainthot
      b. Defendant(s): Johnson
   2. District and judicial division: Northern District of Florida Pensacola Division
   3. Name of judge: Don't Know   Case #: 3:18cv226-MCR-CJK
   4. Approximate filing date: Don't Know
   5. If not still pending, date of dismissal: Case been dismissal Don't Know date
   6. Reason for dismissal: Frivolous, Malicious

3

7. Facts and claims of case: Excessive force/Brutality

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(X)            No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): Roland Saintlot
   b. Defendant(s): WhiteHead, Peacock, Johnson, Ericoherson
2. District and judicial division: United States District Court Northern Division Pensacola
3. Name of judge: T KENT WETHERELL    Case #: 3:18-cv-00044-TKW-MJF
4. Approximate filing date: 2018 Can't remember filing date
5. If not still pending, date of dismissal: Case Still Pending
6. Reason for dismissal: No dismissal
7. Facts and claims of case: Excessive force/Brutality

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(✓)            No( )

1. Parties to previous action:
   a. Plaintiff(s): Roland Saintlot
   b. Defendant(s): Officer Wells and Officer White
2. District and judicial division: Northern District of Florida Pensacola Division
3. Name of judge: Charles J. Kahn, Jr.    Case Docket # 3:18cv-02396-LC-HTC
4. Approximate filing date: December 21, 2018    Dismissal date: April 25, 2019
5. Reason for dismissal: Case was dismissal - Can't remember

4

6. Facts and claims of case: The Facts and Claims of this Case Stole Property.

(Attach additional pages as necessary to list cases.)

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

1) On April 13TH 2018 at approximately 12:30pm, Plaintiff was housed in C dormitory cell 2113 when he declared a psychological emergency to security due to being in severe Mental distress.

2) Upon Plaintiff declaring a psychological emergency, Captain Parrot, Lieutenant Stokes and Sergeant D.A. Dice (who is now a Lieutenant) came to Plaintiff's door and told him to strip down to his boxers.

3) At this time, Plaintiff was confused as to why he had to submit and strip down to his boxers; Lieutenant Stokes explained that anytime a psychological emergency is declared, the inmate has to be in their boxers to talk to the Mental Health Professional.

4) Upon Plaintiff being told this, Plaintiff complied and stripped completely down. Lieuteant Stokes than told Plaintiff to lift his testicles, then to turn around and squat and cough, which Plaintiff complied.

5) Upon complying with Lieutenant Stokes orders, Plaintiff thought he was going to be given his boxers to put back on, but Captain Parrot told Plaintiff to repeat the strip search routine again.

5

6). At this time, Plaintiff than stated to captain Parrott that sex games were being committed and that he would like to report it under the Prison Rape elimination act, which captain Parrott Lieutenant Stokes and ~~captain~~ Sergeant Dice refused to allow.

7) Captain Parrot, Lieutenant Stokes and Sergeant Dice than left Plaintiff's cell but returned several minutes later with a spit sheild, which Plaintiff did nothing to warrant a spit sheild and told Plaintiff that he was going on Property restriction after he saw psychology.

8). Plaintiff than submitted to hand restraints and sergeant Dice called to have Plaintiff's door rolled. upon Plaintiff's door being rolled, he stepped out of his assigned cell backwards as was directed.

9) Upon stepping out of the cell, Lieutenant Stokes and sergeant Dice grabbed Plaintiff by his arms and started to manhandle Plaintiff by shoving and pushing Plaintiff and applying pressure to Plaintiff's arm to cause Pain by Pinching the Plaintiff's skin because Plaintiff would not put his lips on the wall as Lieutenant Stokes ordered him too.

10) Lieuteant Stokes than said in a low voice that only him, Plaintiff and Sergeant Dice could hear, that if Plaintiff didn't put his lips on the wall, that he would crack Plaintiff's head and skull.

11. Plaintiff than told Lieutenant Stokes to do whatever he thought was right, Lieutenant than proceeded to crack Plaintiff's head against the wall, but Failed in his attempt because Plaintiff Moved to try and protect himself.

6 a

STATEMENT OF FACTS CONTINUED 3 of 3

12) Sergeant Dice than proceeded to clip Plaintiff on the side of the head right before proceeding to slam Plaintiff face first on the concrete floor in front of cell C-2111 causing the Plaintiff to immediately feel as real and severe intense sharp pain on the right side of his face.

13) Upon Plaintiff hitting the concrete floor, sergeant Dice proceeded to wrap his arms around Plaintiff's neck and proceeded to choke him while Lieutenant Stokes proceed to knee Plaintiff in the face with his right knee, several times causing Plaintiff to feel a very sharp and intense pain to the Plaintiff's mouth ear and face on the right side.

14) Upon Sergeant Dice choking the Plaintiff and Lieutenant Stokes kneeing Plaintiff in the face several times, Plaintiff noticed alot of blood rushing out of his mouth. While Sergeant Dice was also kneeing Plaintiff in his right side of his rib cage.

15) Plaintiff than woke up on the floor of his cell to Lieutenant Stokes Shaking him, telling him not to move. Plaintiff at this time had a spit shield on which was soaked in Plaintiff's blood as was his chest and head. alot of Plaintiff's blood was in front of cell C-2111.

16) While the camerea was on the Plaintiff, Lieutenant Stokes, Sergeant Dice and captain Parrot had a nurse come to evaluate the Plaintiff. Upon arriving at Plaintiff's cell, Nurse M.C. Williams attempted to get Plaintiff to come to the door, in which the Plaintiff was non-responsive lying in a puddle of blood; Nurse Williams than told security to pull the Plaintiff, which Lieutenant Stokes, Captain Parrot and Sergeant D.A. Dice refused to do.

17) Plaintiff further states that at the time of the assault and aggravated battery, that he was in handcuffs behind his back, in no position to protect himself from the assault and aggravated battery committed in a malicious and sadistic manner by Lieutenant Stokes and Sergeant D.A. Dice.

6⁰

STATEMENT OF CLAIMS page 1 of 2

18. Plaintiff realleges and incorporates by reference paragraphs 1-17.

19. Defendant Lieutenant Stokes used excessive force against Plaintiff Saintlot by kneeing him in the face several times causing unlawful wanton infliction of pain when Plaintiff was not violating any prison rule and was not acting disrupting in any way. By Lieutenant Stokes kneeing Plaintiff in the face several times causing unlawful wanton infliction of pain, suffering, personal injury and emotional and mental distress, Lieutenant Stokes actions violated Plaintiff's protected rights to be free from cruel and inhumane treatment under the Eighth Amendment to the United States Constitution and Article 1 Section 17 of the Florida constitution..

20. Defendant Lieutenant Stokes violated Plaintiff's protected liberty constitutional rights under the Fourteenth Amendment to the United States constitution and Article 1 section 9 of the Florida constitution by kneeing Plaintiff in the face several times causing Plaintiff unlawful wanton infliction of pain and using excessive force on Plaintiff, when the Plaintiff was not violating any prison rule and was not acting distrubting in any way.

21. Defendant D.A. Dice used excessive force against Plaintiff saintlot by slamming him face first on a concrete floor in front of cell C2111 causing the Plaintiff unlawful wanton infliction of pain, suffering, personal injury and emotional distress, and upon slamming Plaintiff on the concrete floor, Defendant D.A. Dice proceeded to

7

### STATEMENT OF CLAIMS CONTINUED PG 2 OF 2

wrap his arms around Plaintiff's neck and started to choke Plaintiff to the point where Plaintiff went unconcious and limp, when Plaintiff was not violating any prison rule and was not acting in a distruptive manner. Defendant D.A. Dice actions violated Plaintiff's Protected Rights to be free from cruel and inhumane treatment under the Eighth Amendment to the United States Constitution and Article 1 section 17 of the Florida constitution.

22. Defendant D.A. Dice violated Plaintiff's Protected liberty Constitutional Rights under the Fourteenth Amendment to the United States Constitution and Article 1 section 9 of the Florida constitution by slamming Plaintiff on the concrete floor and wrapping his arms around Plaintiff's neck and proceeding to choke the Plaintiff to the Point the Plaintiff went unconcious and limp, causing Plaintiff unlawful wanton of Pain, suffering, personal injury and emotional distress, when Plaintiff was not violating any Prison rule and was not acting in a distruptive Manner.

### RELIEF REQUESTED

23. Grant Plaintiff compensatory damages in the amount of $100,000 dollars against each Defendant jointly and severally.

24. Grant Plaintive punitive damages against each Defendant in the amount of $25,000 dollars jointly and severally.

8

RELIEF REQUESTED CONTINUED PG 2 of 2

25. Granting Plaintiff a declaration that the acts and omissions described herein violated his rights under the United States constitution.

26. Plaintiff seeks a jury trial on all issues triable by jury.

27. Plaintiff also seeks recovery of his cost in this suit

28. Any additional relief this court deems just, proper and equitable.

10/2/19
Dated

/s/ Roland Carly Saintlot
Roland carly Saintlot pro se
DOC NO. 445056
Suwannee Correctional Institution
5964 U.S. Highway 90
Live Oak Florida 32060

    Plaintiff declares under Penalty of Perjury, that the foregoing statement of Facts, including all continuation pages are true and correct.

10/2/19

/s/ Roland Carly Saintlot
ROLAND CARLY SAINTLOT pro se
DOC NO: 445056
Suwannee Correctional Institution
5964 U.S. Highway 90
Live Oak Florida 32060

9

CERTIFICATE OF SERVICE

Plaintiff HEREBY CERTIFIES, that a true and correct copy of the foregoing civil complaint was placed into the hands of the employees at Suwannee Correctional Institution - main unit to be mailed to by U.S. Mail to: The Clerk of Court, One North Palafox Street, Pensacola Florida 32502-5658; Defendant D.A. Dice, Santa Rosa Correctional Institution, main unit 5850 East Milton Road milton Florida 32583; Defendant Stokes, Santa Rosa Correctional Institution - work camp 5850 East Milton Road, Milton Florida 32583 on this __2__ day of ~~September~~ October 2019.

10/2/19
Date

/s/ Roland Carly Saintlot
Roland Carly Saintlot pro se
DOC No: Y45056
Suwannee Correctional Institution
5964 U.S. Highway 90
Live Oak Florida 32060.

Roland Larly [illegible] DC## Y45526
Santa Rosa Correctional Institution
5850 East Milton Road
Milton, FL 32583



United States District Court
Northern District Of Florida
100 North Palafox Street
Pensacola, FL 32502

*Legal Mail*



MAILED FROM A STATE CORRECTIONAL INSTITUTION